AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Randy Downs Crosby, | ) | Case No. 13-8244-DLB |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED by _____ D.C.

MAY 13 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __05/10/13__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 31 U.S.C. §§ 5332(a)(1) and (b)(1) | Bulk Cash Smuggling |

This criminal complaint is based on these facts:
see attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Anderson B. Sullivan, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5-13-2013

_____
*Judge's signature*

City and state: West Palm Beach, Florida

Dave Lee Brannon, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

Your affiant, Anderson B. Sullivan, first being duly sworn, does hereby depose and state as follows:

### INTRODUCTION

1. I, Anderson B. Sullivan, am a Special Agent of the United States Homeland Security Investigations (HSI) and am currently assigned to the Office of the Assistant Special Agent in Charge, West Palm Beach, Florida. I have been a HSI Special Agent since June, 2007. Prior to being a HSI Special Agent, I served as a Marine Interdiction Agent with United States Customs and Border Protection and as a Marine Enforcement Officer of the former United States Customs Service for approximately five years. After being hired as a Marine Enforcement Officer in 2002, I received training at the United States Customs Service Academy. In 2007, as a Special Agent, I received further training at the United States Immigration and Customs Enforcement Academy. At both of these academies I was trained in the legal principles and statutes representing criminal, civil, and administrative violations of the United States Code as enumerated in Titles 8, 18, 19, 21, 31, and 46. As a HSI Special Agent, my duties and responsibilities include conducting criminal investigations of individuals and businesses who have violated federal laws, particularly those laws as found in Titles 8, 18, 19 and 21 of the United States Code. I have obtained experience from numerous investigations involving federal maritime law violations, narcotics smuggling, immigration smuggling, and violations of other Customs and Immigration laws. In total, I have about 11 years of civilian federal law enforcement experience.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to secure an arrest warrant charging that Randy Crosby DOWNS, YOB 1980, knowingly and willfully concealed more than $10,000 in currency in his luggage, with the intent to evade a currency reporting requirement under Title 31 United States Code, Section 5316, and attempted to transport or transfer such currency from Riviera Beach, Florida, within the Southern District of Florida, a place within the United States to Nicaragua, a place

1

outside of the United States, in violation of Title 31 United States Code, Sections 5332 (a)(1) and (b)(1).

**FACTS IN SUPPORT OF PROBABLE CAUSE**

3. Randy Crosby DOWNS, YOB 1980, is a citizen and native of Nicaragua.
4. From on or about July 4, 2012, thru May 10, 2013, DOWNS was employed as a crewmember on board the cruise ship *Bahamas Celebration*. On May 10, 2013, the *Bahamas Celebration* was moored at the Port of Palm Beach, in the Southern District of Florida.
5. On May 10, 2013, DOWNS concluded his employment contract with the *Bahamas Celebration* and attempted to return to Nicaragua. Upon debarkation from the *Bahamas Celebration*, DOWNS presented himself to U.S. Customs and Border Protection (CBP) for inspection and admission to the United States for the purpose of travelling to Miami International Airport. DOWNS had six (6) pieces of luggage in his possession. DOWNS was scheduled to fly from Miami, Florida, to Nicaragua later that day.
6. DOWNS had his Nicaragua passport and his United States nonimmigrant visa in his possession.
7. During primary inspection, DOWNS provided a negative oral declaration and a negative crewmember declaration form to the CBP Officer at the primary inspection station indicating that DOWNS did not have any currency and/or monetary instruments in excess of $10,000.00. DOWNS was referred to secondary inspection by the CBP Officer.
8. During secondary inspection, a CBP Officer asked downs if he had any currency or purchases to declare and DOWNS responded that he did not. The CBP Officer asked DOWNS how much money DOWNS had in his possession and DOWNS stated that he had approximately $4,000.00.
9. Pursuant to customs border search authority, CBP officers conducted an inspection of DOWNS' luggage. Upon inspection, CBP Officers discovered that one of DOWNS' backpacks contained a secret compartment. Inside the secret compartment, CBP Officers discovered approximately $56,500.00 in U.S. currency. Additionally, CBP Officers also discovered approximately $31,700.00 in U.S. currency secreted within clothing and

merchandise located in other pieces of DOWNS' luggage. In total, approximately $88,200.00 was discovered secreted within DOWNS' luggage. DOWNS had approximately $3,684.00 in U.S. currency on his person.

10. According to representatives from Celebration Cruise Operator, Inc., DOWNS was paid approximately $8,000.00 for his ten month term of employment onboard the *Bahamas Celebration*.

11. Following DOWNS' detention by CBP officers, your affiant advised DOWNS of his *Miranda* warnings as witnessed by another HSI Special Agent. DOWNS advised that he understood his rights. DOWNS speaks, reads, and writes in English, his native language.

12. DOWNS stated that he was employed onboard the *Bahamas Celebration* for 10 months and that he earned approximately $800.00 per month, totaling approximately $8,000.00 during his term of employment.

13. DOWNS estimated that he sent approximately $10,000.00 to family in Nicaragua during his 10 month employment.

14. DOWNS stated that he also earned money as a cocaine courier while onboard the cruise ship. DOWNS stated that, on multiple occasions, while in the Bahamas, he received kilogram quantities of cocaine from unidentified persons. DOWNS then secreted the cocaine within the cruise ship during voyages from the Bahamas to the Port of Palm Beach. Upon arrival at the Port of Palm Beach, DOWNS regularly delivered the kilograms of cocaine to unidentified persons in Palm Beach County, Florida.

15. DOWNS stated that he concealed the currency in an attempt to bring it with him to Nicaragua.

## CONCLUSION

16. Based on the foregoing, your affiant respectively submits that probable cause exists to charge Randy Crosby DOWNS with knowingly and willfully concealing more than $10,000 in currency in his luggage, with the intent to evade a currency reporting requirement under Title 31 United States Code, Section 5316, and attempting to transport or transfer such currency from Riviera Beach, Florida, within the Southern District of Florida, a place within the United States to Nicaragua, a place outside of the United States, in violation of Title 31 United States Code, Sections 5332 (a)(1) and (b)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Special Agent Anderson B. Sullivan
Homeland Security Investigations

Sworn and subscribed to before me this
13th day of May, 2013.

_____
**Dave Lee Brannon**
**United States Magistrate Judge**

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 13-8244-DLB

### BOND RECOMMENDATION

DEFENDANT: RANDY DOWNS CROSBY

PRE-TRIAL DETENTION
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   EMALYN WEBBER

Last Known Address: _____

What Facility: _____

Agent(s): S/A ANDERSON B. SULLIVAN
(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (**OTHER**)
U.S. DEPARTMENT OF HOMELAND SECURITY
WEST PALM BEACH, FLORIDA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 13-8244-DLB

UNITED STATES OF AMERICA

vs.

RANDY CROSBY DOWNS,

Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes _x_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes _x_ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
EMALYN WEBBER
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 407501
500 S. Australian Ave., Suite 400
West Palm Beach, Florida 33501
TEL (561) 820-8711
FAX (651) 802-1787